IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

REMON SHIELDS,

        Plaintiff,                        No. CIV S-11-0015 JAM EFB P

    vs.

D. FOSTON, et al.,

        Defendants.              <u>FINDINGS AND RECOMMENDATIONS</u>

        Plaintiff is a state prisoner without counsel seeking relief for civil rights violations. *See* 42 U.S.C. § 1983. He seeks leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a). This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        For the reasons explained below, the court finds that plaintiff has not demonstrated he is eligible to proceed *in forma pauperis*. A prisoner may not proceed *in forma pauperis*,

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). It appears that on at least three prior occasions, plaintiff brought actions while incarcerated that were dismissed as frivolous, malicious, or for failure to state a claim upon

////

which relief may be granted.[1]  *See Shields v. Pliler*, No. 2:02-cv-01150 GEB JFM (E.D. Cal. Oct. 7, 2003) (order dismissing case for failure to state a claim); *Shields v. Alameida*, No. 2:03-cv-00808 AHM (C.D. Cal. Aug. 14, 2003) (order dismissing case for failure to state a claim); *Shields v. CDCA*, No. 2:02-cv-00542 WBS JFM (E.D. Cal. Dec. 12, 2002) (order dismissing case for failure to state a claim).

Further, it does not appear that plaintiff was under imminent threat of serious physical injury when he filed the complaint.  *See* 28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. Cal. 2007).  The complaint alleges that plaintiff, a Muslim inmate, is being denied overnight family visits, and therefore cannot consummate his marriage as required by his religion.  *See* Dckt. No. 1.  The nature of plaintiff's allegations do not demonstrate that he suffered from imminent danger of serious physical injury at the time he filed his complaint.  Thus, the imminent danger exception does not apply.

Accordingly, it is hereby RECOMMENDED that:

1. Plaintiff's January 28, 2011 application to proceed *in forma pauperis* be denied;

2. Plaintiff be directed to pay the $350 filing fee within 30 days; and

3. Plaintiff be admonished that his failure to do so will result in dismissal of this action. *See* 28 U.S.C. § 1914(a).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

////

////

---

[1] A court may take judicial notice of court records.  *See MGIC Indem. Co. v. Weisman*, 803 F.2d 500, 505 (9th Cir. 1986); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

1  within the specified time may waive the right to appeal the District Court's order. *Turner v.*
2  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
3  Dated: April 20, 2011.

/s/ Edmund F. Brennan
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3