IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

REMON SHIELDS,

      Plaintiff,                    No. 2:11-cv-0015 JAM EFB P

      vs.

D. FOSTON, et al.,

      Defendants.               ORDER

_____/

      Plaintiff, a state prisoner without counsel, brought this civil rights action alleging that defendants violated his rights under the First Amendment and the Religious Land Use and Institutionalized Persons Act of 2000. *See* Dckt. Nos. 1, 13. On August 12, 2011, the court denied plaintiff's application to proceed in forma pauperis because he had "three strikes" within the meaning of 28 U.S.C. § 1915(g). Dckt. Nos. 8, 12. On September 12, 2011, plaintiff paid the filing fee. Thereafter, the court screened the complaint pursuant to 28 U.S.C. § 1915A, and found that it stated potentially cognizable claims for relief against defendants Foston, Miller, Walker, Mayfield, and Taylor. Dckt. Dckt. No. 13.

      On November 30, 2011, the court directed plaintiff to complete service of process within 120 days (*see* Federal Rule of Civil Procedure ("Rule") 4(m)). *Id.* The court also directed the parties to file status reports no later than March 19, 2012, and cautioned that failure to obey the

1

federal or local rules or orders of the court could result in sanctions, including a recommendation that the case be dismissed. *Id.* On January 4, 2012, the court granted plaintiff a 30-day extension of time to complete service on the defendants. Dckt. No. 18.

The court file reveals that plaintiff has not filed a status report as required by the November 30, 2011 order, and that plaintiff has not yet effected service of process on defendants. However, plaintiff requests that the court serve the defendants for him, or either provide him with defendants' current or last known addresses, or order the warden to provide him with defendants' addresses. Plaintiff makes these requests on the grounds that he is indigent, cannot afford outside assistance with effectuating service, and his been unable to find defendants' addresses on his own. Plaintiff also requests another 60 days to complete service and seeks permission to serve defendants by publication. *See* Dckt. Nos. 20, 21, 22.

Plaintiff's requests for assistance in serving defendants are denied. Plaintiff is not proceeding in forma pauperis, and it is his responsibility to arrange for service of process on defendants.

Additionally, the court will not allow plaintiff to serve defendants by publication. The Federal Rules of Civil Procedure provide that a person from whom a waiver of service has not been obtained may be served by "following state law for serving a summons . . . in the state where the district court is located . . . ." Fed. R. Civ. P 4(e)(1). The California Code of Civil Procedure provides that "[a] summons may be served by publication if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner . . . ." Cal. Civ. P. Code § 415.50(a). The court is not satisfied that defendants cannot, with "reasonable diligence," be served by means other than publication. *See Olvera v. Olvera*, 232 Cal. App. 3d 32, 41 (1991) ("Personal service remains the method of choice under the statutes and the constitution. When substituted or constructive service is attempted, strict compliance with the letter and spirit of the statutes is

required." (internal citations omitted)); *Watts v. Crawford*, 10 Cal. 4th 743, 749 n.5 (1995) ("Before allowing a plaintiff to resort to service by publication, the courts necessarily require him to show exhaustive attempts to locate the defendant, for it is generally recognized that service by publication rarely results in actual notice." (quotations and citations omitted)).

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to terminate docket numbers 20, 21, and 22.

2. Plaintiff is granted a final extension of time to serve defendants. Failure to accomplish service within 60 days from the date of this order will may result in a recommendation that this action be dismissed for failure to follow court orders, for failure to effect service of process within the time prescribed by Rule 4(m), and/or for lack of prosecution under Rule 41(b) of the Federal Rules of Civil Procedure.

DATED: June 26, 2012.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE