1

2

3

4

5

6

7

8                         IN THE UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10   REMON SHIELDS,

11              Plaintiff,                        No. 2:11-cv-0015 JAM EFB P

12         vs.

13   D. FOSTON, et al.,

14              Defendants.                       ORDER

15   _____/

16         Plaintiff, a state prisoner without counsel, brought this civil rights action alleging that

17   defendants violated his rights under the First Amendment and the Religious Land Use and

18   Institutionalized Persons Act of 2000.  *See* Dckt. Nos. 1, 13.  On August 12, 2011, the court

19   denied plaintiff's application to proceed in forma pauperis because he had "three strikes" within

20   the meaning of 28 U.S.C. § 1915(g).  Dckt. Nos. 8, 12.  On September 12, 2011, plaintiff paid

21   the filing fee.  Thereafter, the court screened the complaint pursuant to 28 U.S.C. § 1915A, and

22   found that it stated potentially cognizable claims for relief against defendants Foston, Miller,

23   Walker, Mayfield, and Taylor.  Dckt.  Dckt. No. 13.

24         On November 30, 2011, the court directed plaintiff to complete service of process within

25   120 days (*see* Federal Rule of Civil Procedure ("Rule") 4(m)).  *Id.*  The court also directed the

26   parties to file status reports no later than March 19, 2012, and cautioned that failure to obey the

1    federal or local rules or orders of the court could result in sanctions, including a recommendation

2    that the case be dismissed.  *Id.*  On January 4, 2012, the court granted plaintiff a 30-day

3    extension of time to complete service on the defendants.  Dckt. No. 18.

4          The court file reveals that plaintiff has not filed a status report as required by the

5    November 30, 2011 order, and that plaintiff has not yet effected service of process on

6    defendants.

7    However, plaintiff requests that the court serve the defendants for him, or either provide him

8    with defendants' current or last known addresses, or order the warden to provide him with

9    defendants' addresses.  Plaintiff makes these requests on the grounds that he is indigent, cannot

10   afford outside assistance with effectuating service, and his been unable to find defendants'

11   addresses on his own.  Plaintiff also requests another 60 days to complete service and seeks

12   permission to serve defendants by publication.  *See* Dckt. Nos. 20, 21, 22.

13         Plaintiff's requests for assistance in serving defendants are denied.  Plaintiff is not

14   proceeding in forma pauperis, and it is his responsibility to arrange for service of process on

15   defendants.

16         Additionally, the court will not allow plaintiff to serve defendants by publication.  The

17   Federal Rules of Civil Procedure provide that a person from whom a waiver of service has not

18   been obtained may be served by "following state law for serving a summons . . . in the state

19   where the district court is located . . . ."  Fed. R. Civ. P 4(e)(1).  The California Code of Civil

20   Procedure provides that "[a] summons may be served by publication if upon affidavit it appears

21   to the satisfaction of the court in which the action is pending that the party to be served cannot

22   with reasonable diligence be served in another manner . . . ." Cal. Civ. P. Code § 415.50(a).  The

23   court is not satisfied that defendants cannot, with "reasonable diligence," be served by means

24   other than publication.  *See Olvera v. Olvera*, 232 Cal. App. 3d 32, 41 (1991) ("Personal service

25   remains the method of choice under the statutes and the constitution. When substituted or

26   constructive service is attempted, strict compliance with the letter and spirit of the statutes is

1   required." (internal citations omitted)); *Watts v. Crawford*, 10 Cal. 4th 743, 749 n.5 (1995)

2   ("Before allowing a plaintiff to resort to service by publication, the courts necessarily require

3   him to show exhaustive attempts to locate the defendant, for it is generally recognized that

4   service by publication rarely results in actual notice." (quotations and citations omitted)).

5          Accordingly, IT IS HEREBY ORDERED that:

6          1.  The Clerk of the Court is directed to terminate docket numbers 20, 21, and 22.

7          2.  Plaintiff is granted a final extension of time to serve defendants.  Failure to

8   accomplish service within 60 days from the date of this order will may result in a

9   recommendation that this action be dismissed for failure to follow court orders, for failure to

10  effect service of process within the time prescribed by Rule 4(m), and/or for lack of prosecution

11  under Rule 41(b) of the Federal Rules of Civil Procedure.

12  DATED:  June 26, 2012.

13

14                              EDMUND F. BRENNAN
                                UNITED STATES MAGISTRATE JUDGE